[No. 20401.  Department Two.  January 25, 1927.]

KIABA K. BACCHAIEFF, *Appellant*, v. DEPARTMENT OF
LABOR AND INDUSTRIES, *Respondent*.[1]

[1] MASTER AND SERVANT (121-2) — REMEDIES UNDER WORKMEN'S
COMPENSATION ACT — PAYMENT TO ATTORNEY-IN-FACT.  Rem.
Comp. Stat., § 7684 of the industrial insurance act forbidding
the assignment, before issuance of the warrant, of the amount
due to a beneficiary, does not justify the department, after
making an award to a widow upon a death claim and issuing
warrants therefor, in refusing to recognize, and deliver the
warrants to, a duly authorized attorney-in-fact representing the
widow by virtue of her properly executed power of attorney
authorizing him to receive the warrants and receipt for the
payment; especially as § 7686 authorizes a claim for compensa-
tion to be made either by the beneficiary or by an agent.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered September 13,
1926, affirming a decision of the department of labor
and industries, after a hearing before the court. Re-
versed.

*Frank S. Griffith*, for appellant.

*The Attorney General* and *Mark H. Wight, Assist-
ant*, for respondent.

TOLMAN, J.—Gaso Bacchaieff, otherwise known as
George Basiff, the husband of the appellant here, was,
in the year 1914, engaged in extrahazardous work so as
to bring him within the purview of our industrial
insurance law. In February of that year, he was killed
while so employed. Claim having been made on be-
half of the widow and minor children, the department
of labor and industries made an award to the widow,
as provided by law, and placed her on the pension roll
to receive thirty-five dollars per month for herself and

¹Reported in 252 Pac. 697.

three minor children.  Warrants for this monthly pension up to February, 1916, were issued by the department, but, the widow and children being at all times residents of Russia, owing to the world war and the disturbance of relations between the governments of Russia and the United States, these warrants were never delivered to the appellant and were finally returned to the department and cancelled.  The matter was taken up on behalf of the widow at different times thereafter, but, through changes in the department and the failure to reestablish friendly relations between the governments of the Unites States and Russia, nothing was actually accomplished, no more warrants were issued, and nothing has been paid to the appellant.

In April, 1925, the present attorney for the appellant appears to have been employed to represent her, and he made application to the then director of the department for the issuance and delivery to the appellant of warrants covering the overdue installments. As a part of this application there was presented to the department what appears to be a sufficient power of attorney, formally executed by the appellant, appointing one Harry Baisoff, a cousin, as her attorney in fact,

". . . for me and in my name and for my use and benefit to ask, demand and receive of and from the industrial insurance commission of the state of Washington the warrant or warrants in payment of the monthly pension aforesaid, now due and issued and hereafter to become due and issued to me, and in my name and for my use and benefit, to endorse said pension warrants, receive the money thereon, and transmit the same to me, until such time as a revocation of this power of attorney shall be by me filed with said industrial insurance department of the state of Washington."

6—142 WASH.

The power of attorney proceeds in a formal way to release and relieve the industrial insurance fund from all liability by reason of the delivery of the warrants to the attorney in fact, and also to release and relieve the treasurer of the state of Washington of any liability for the payment of the warrant or warrants to the attorney in fact upon his presenting them with his endorsement for such payment. With this power of attorney was also presented a receipt, with the amount left blank, duly executed by the appellant. On May 9, 1925, the department refused to recognize these documents and declined to make payment. From this order the appellant appealed to the superior court of Thurston county, a trial was had on the merits, the trial court entered a judgment of dismissal, and from that judgment the appellant has appealed.

There seems to be but little, if any, dispute as to the facts. The trial court made findings of fact to the effect that the deceased was engaged in extrahazardous employment in this state and met his death as hereinbefore indicated, that the appellant was his widow, and that she and three children, all of whom were minors, survived him, and that their claim was duly allowed, etc. The findings also cover the issuance of the warrants to which we have referred, and the fact that they were undelivered and were returned to the department unendorsed and unpaid. The court also found that the power of attorney, to which we have referred, was filed with the department, together with the receipt in blank, and found:

"VI.

"That the defendant refused and still refuses to honor said power of attorney or to accept the receipt hereinbefore referred to, upon the grounds,

"1st. That it has no authority to issue warrants to any person other than a beneficiary;

"2nd.   That there is no authority in law for the department to honor such a power of attorney;

"3rd.   That it is feared that if such power of attorney were honored, the money might not reach plaintiff;

"4th.   That if the money was to be delivered to plaintiff it might be confiscated by the Bolshevik government of Russia.

## "VII.

"That the action of the department in refusing to honor the power of attorney exercised a reasonable discretion and was not arbitrary or capricious."

And concluded, as a matter of law, that there was no evidence of arbitrary action on the part of the department in refusing to honor the power of attorney or accept the receipt, and that the department was entitled to judgment affirming its action and dismissing the cause.   It will be noted that nowhere in the findings is there anything questioning the execution of the power of attorney or the signature to the receipt, and while there is no express finding that either or both of these were properly and duly executed, we think that must be inferred from the failure to find otherwise.

[1]   The respondent seeks here to uphold the judgment of the trial court upon the grounds expressed in the findings as quoted.   Let us consider these matters in order.   "1st. That it [the department] has no authority to issue warrants to any person other than a beneficiary."

The respondent argues that the act is in derogation of the common law and must, therefore, be strictly construed, and from that premise draws the conclusion that the statute, Rem. Comp. Stat., § 7679 [P. C. § 3472 ] which reads,

"Each workman who shall be injured . . . or his family or dependents, in case of death . . . shall receive . . . compensation, etc.,"

and § 7684 [P. C. § 3478] which forbids assignment before the issuance of the warrant and any assignment by operation of law, together with like expressions throughout the act, all warrant a construction to the effect that the warrants cannot be delivered to an attorney in fact or the money paid to anyone on behalf of the beneficiary. Admitting the premise, we think the conclusion unwarranted. Subdivision (b) of § 7686 [P. C. 3480], provides:

"Where death results from injury the parties entitled to compensation under this act, or someone in their behalf, shall make application for the same to the department, which application must be accompanied with proof of death and proof of relationship showing the parties to be entitled to compensation under this act, certificates of attending physician, if any, and such other proof as required by the rules of the department."

If the claim may be made by an agent or representative, then also it would seem that the agent may receive and receipt for the warrants. It is manifest that there must be many cases, such as where minors only are entitled to compensation, where the claimant must be represented by another. If not so represented, no valid claim could be made and, as here, there might be no one who could lawfully receive and receipt for the warrants.

We think the second subdivision of the finding can also be answered by the same argument. No construction of the statute can be warranted which will defeat its purpose and prevent the beneficiary from obtaining the benefits of the act, and the law must be construed to give authority to recognize one properly appointed to act for a beneficiary who cannot act for himself.

The third subdivision of the finding is to the effect that it is feared the money may not reach the appellant.

Such a fear, to be effective, must rest on some foundation of fact, and a reading of the whole testimony convinces us that in this case no foundation for such a fear was shown, or more than hinted at. Several witnesses testified fully and without contradiction as to the methods employed by them in sending money monthly to members of their own families to the very village in Russia where appellant lives, and the only thing to the contrary is a mere expression of opinion in a letter addressed to the department by one who signs himself "Russian Consul General" (which manifestly cannot be, as we have no official relations with the present Russian government), to the effect that the money, if sent to Russia, may be confiscated by the Russian government—a mere opinion at best, without showing that it is based on facts so as to entitle it to weight as evidence.

This brings us to the last of the quoted findings, which, as we have just shown, is not based upon any competent evidence, and if it were, the matter is one which does not in any manner concern the department. How the Russian government may operate upon its citizens domiciled there is not for the department or the courts of this state to say. It may have proper and just income tax laws by which it may enforce a tax against moneys received by its citizens, or those laws may seem to us extremely unjust. If so, that would be the misfortune of the appellant, but her predicament will not warrant us in helping her to defeat even the unjust laws of the country where she is domiciled.

We conclude the department might, and it did, demand full and convincing proof that the appellant was still unmarried and the widow of the deceased, that the children were still living, that the power of attorney was not given as an assignment, forbidden by the statute, but solely as an instrument to facilitate the re-

ceipt of the money by those entitled to it, and the like, and such evidence having been supplied in convincing volume, without contradiction, the further withholding of the warrants, though that was done in good faith, was, as a matter of law, arbitrary.

That part of the power of attorney which concerns the endorsement and cashing of the warrants is not before us, because of lack of proper parties, and we therefore express no opinion thereon.

The judgment appealed from is reversed, the order of the department is set aside, and the department is directed to issue to the appellant a warrant or warrants for the amount due her, and to deliver such warrant or warrants to Harry Baisoff, as attorney in fact, and take his receipt therefor.

MACKINTOSH, C. J., PARKER, ASKREN, and BRIDGES, JJ., concur.